***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Glenn with modifications and enters the following Opinion and Award.
 *********** EVIDENTIARY MATTERS
On February 11, 2010, Plaintiff filed a Motion to Submit Newly Discovered Evidence to the Full Commission. On March 9, 2010, Plaintiff filed another Motion to Submit Newly Discovered Evidence. In the discretion of the Full Commission, Plaintiff's February 11, 2010 and March 9, 2010 motion to submit newly discovered evidence are DENIED. *Page 2 
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case. All the parties are bound by and subject to the North Carolina Workers' Compensation Act. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
2. Defendant-employer was insured at all times relevant to this claim by The Hartford Insurance Company.
3. On October 4, 2005, Plaintiff, sustained compensable injuries by accident to his right shoulder, right arm, right hip, and right leg when he fell seven feet onto concrete flooring.
4. Defendants accepted this case via an I.C. Form 60 dated December 7, 2005. On December 7, 2005, Defendant-employer completed an I.C. Form 28, stating the Plaintiff returned to work on October 18, 2005 at a pay rate of $600.00 per week. On November 27, 2007, Defendants completed an I.C. Form 28T, stating that Plaintiff returned to work on October 31, 2005 at the same or greater wages than received at the time of injury. This Form 28T was to replace the I.C. Form 28. On September 20, 2007, Defendants completed an I.C. Form 62, reinstating temporary total disability benefits effective September 17, 2007. Plaintiff's temporary total disability benefits have continued to the present.
5. Plaintiff's average weekly wage is $508.77, yielding a compensation rate of $339.19. *Page 3 
6. The parties stipulated into evidence all I.C. Orders, Motions and Responses, Form 24 Applications and Responses, and I.C. forms filed with the Industrial Commission in this case.
7. The parties stipulated into evidence Plaintiff's counsel's letter of appearance and the current defense counsel's letter of appearance.
8. The parties stipulated into evidence Plaintiff's and Defendants' discovery responses.
9. The parties stipulated into evidence Plaintiff's medical records from the following health care providers: Lexington Memorial Hospital, Lexington Memorial Rehab Department, Lexington Center for Family Health, Lexington Orthopedic Clinic, Thomas Giduz, M.D., Triangle Orthopaedic Associates, Duke University Health System, and the NCIC Nurses Section.
10. The parties stipulated into evidence The Hartford's and Defense counsel's correspondence with Plaintiff's physicians, The Hartford's and Defense counsel's correspondence and e-mails to Plaintiff's counsel, Plaintiff's counsel's e-mails and correspondence with The Hartford and defense counsel, and Plaintiff's counsel's correspondence with Plaintiff's treating physicians.
11. The issue to be determined is as follows:
 a. Whether plaintiff is entitled to any additional benefits under the North Carolina Workers Compensation Act?
At the June 18, 2009 hearing before the Deputy Commissioner, Defendants agreed to remove all the issues they listed in the Pretrial Agreement.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows: *Page 4 
 FINDINGS OF FACT
1. Dr. Gordon Kammire has been and continues to be Plaintiff's authorized treating orthopedic surgeon. Dr. Kammire has repeatedly recommended various courses of treatment for Plaintiff, and Defendants have repeatedly ignored these recommendations which include pain management and psychological counseling for Plaintiff. In failing to provide the treatment that has been determined to be necessary by Dr. Kammire, Defendants have not sought nor obtained the advice of any other doctor to determine whether the treatment that has been recommended is necessary or not and the Defendants have not offered any explanation of their refusal to provide plaintiff with necessary medical treatment.
2. Dr. Kammire is of the opinion that pain management treatment and psychological counseling was and continues to be medically necessary for Plaintiff for the treatment of his admittedly compensable injury by accident.
3. As a part of his recommended treatment, Dr. Kammire has referred Plaintiff to Dr. Giduz for psychiatric treatment and the Defendants have repeatedly refused to authorize Dr. Kammire's referral of Plaintiff to Dr. Giduz for psychiatric treatment. When asked why this referral was not followed, Defendants did not provide any response or provide any medical or other basis for not providing the recommended care. Dr. Kammire is of the opinion that this treatment is reasonable and necessary to treat Plaintiff's ongoing problems as they relate to his compensable injury by accident.
4. Since Defendants repeatedly ignored Dr. Kammire's recommendations for psychological counseling and Dr. Kammire's referral to Dr. Giduz, and such psychiatric treatment is reasonable and necessary, Dr. Giduz should be designated as Plaintiff's authorized *Page 5 
treating psychiatrist to provide ongoing psychiatric care in that Defendants have failed and refused to offer any alternative treatment for this condition.
5. On October 22, 2008 the North Carolina Industrial Commission through Special Deputy Commissioner Jennifer S. Boyer entered an order directing Defendants to cause an evaluation of Plaintiff to be done by Dr. Liebelt to determine a diagnosis, condition, work status, further treatment options, and any permanent disability. Defendants have repeatedly refused and failed to authorize Dr. Liebelt's evaluation of Plaintiff as was ordered by the Industrial Commission.
6. Dr. Liebelt has recommended that Plaintiff proceed with a diagnostic right shoulder arthroscopic surgery and also, potentially, a second right hip replacement surgery following his evaluation of plaintiff.
7. Dr. Kammire has also referred Plaintiff to Dr. Liebelt for ongoing pain management and treatment of his right hip and right shoulder. Defendants have repeatedly failed and refused to follow Dr. Kammire's recommendation as to this treatment and have not offered or provided any treatment for these conditions even though they were advised that in Dr. Kammire's opinion, these conditions were the result and natural consequence of Plaintiff's admitted injury by accident. Plaintiff continues to be in need of treatment for his right shoulder and hip, and these conditions are the direct result of his admittedly compensable injury by accident.
8. When Defendants failed to provide Plaintiff with treatment for his right shoulder, Plaintiff sought and received treatment from Dr. Liebelt. Plaintiff is now requesting that Dr. Liebelt be approved for the treatment of his right shoulder and hip. *Page 6 
9. Defendants have established a pattern of refusing to authorize medical treatment and referrals recommended or ordered by Plaintiff's authorized treating physician, thereby impeding and substantially delaying Plaintiff's recovery from his injuries.
10. Defendants have unreasonably defended this case in violation of N.C. Gen. Stat. § 97-88.1 and Industrial Commission Rule 802.
11. Plaintiff was not paid temporary partial disability benefits from October 27, 2005 through November 9, 2005, December 22, 2005 through March 1, 2006, March 16, 2006 through April 12, 2006, and October 26, 2006 through November 8, 2006. Defendants owed to plaintiff temporary partial disability benefits totaling $3,408.09 for those time periods.
12. Plaintiff was not paid any temporary total disability benefits from January 5, 2006 through October 26, 2005, November 10, 2005 through November 23, 2005, December 8, 2005 through December 21, 2005, and from March 2, 2006 through March 15, 2006. Plaintiff is entitled to and Defendants owe Plaintiff temporary total disability benefits totaling $2,713.52 for those time periods.
13. Plaintiff was not paid any temporary total disability benefits during the time period from April 13, 2006 through August 23, 2006. Temporary total disability benefits totaling $6,395.97 are due to Plaintiff for that time period.
14. Plaintiff was not paid any temporary partial disability benefits during the time period from November 8, 2006 through November 22, 2006. Temporary partial disability benefits totaling $198.16 are due to Plaintiff for that time period.
15. Plaintiff was not paid any temporary total disability benefits during the time period from November 23, 2006 through September 16, 2007. Temporary total disability benefits totaling $14,390.92 are due to Plaintiff for that time period. *Page 7 
16. Defendants have failed to timely file an I.C. Form 62 for all time periods when Plaintiff was taken out of work and returned to work at lower pay or was unable to return to work.
17. Plaintiff is entitled to reimbursement of medical mileage incurred from October 7, 2008 through February 18, 2009 totaling $771.37 and incurred from March 18, 2009 through May 28, 2009 totaling $399.85.
18. This matter was appealed to the Full Commission by Defendant from an Opinion and Award awarding benefits and results in an affirmation of that award.
19. Defendants have unreasonably defended this claim.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendants have repeatedly denied Plaintiff medical treatment in violation of N.C. Gen. Stat. §§ 97-2(19) and 97-25.
2. Defendants have repeatedly refused to authorize medical treatment ordered by Plaintiff's authorized treating physician and by the Industrial Commission, in violation of N.C. Gen. Stat. §§ 97-2(19) and 97-25.
3. Defendants have repeatedly refused to authorize referrals made by Plaintiff's authorized treating physician in violation of N.C. Gen. Stat. §§ 97-2(19) and 97-25.
4. Plaintiff is entitled to have Defendants authorize and pay for medical treatment provided by Dr. Giduz and Dr. Liebelt, Plaintiff's authorized treating physicians, and recommended or ordered by Dr. Giduz and Dr. Liebelt, including diagnostic studies and *Page 8 
referrals, and medical treatment provided by, recommended by or ordered by physicians to whom Dr. Liebelt and Dr. Giduz refer Plaintiff, pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25.
5. Defendants have unreasonably defended this case in violation of N.C. Gen. Stat. § 97-88.1 and Industrial Commission Rule 802 and are subject to sanctions.
6. Defendants have repeatedly failed to file the I.C. Form 62 for all time periods when Plaintiff was taken out of work and returned to work at lower pay or was unable to return to work, in violation of N.C. Gen. Stat. § 97-18.
7. Plaintiff is entitled to temporary partial disability benefits totaling $3,408.09 for the following pay periods: October 27, 2005 through November 9, 2005, December 22, 2005 through March 1, 2006, March 16, 2006 through April 12, 2006, and October 26, 2006 through November 8, 2006. N.C. Gen. Stat. § 97-30.
8. Plaintiff is entitled to temporary total disability benefits totaling $2,713.52 for the following pay periods: January 5, 2006 through October 26, 2005, November 10, 2005 through November 23, 2005, December 8, 2005 through December 21, 2005, and from March 2, 2006 through March 15, 2006. N.C. Gen. Stat. § 97-29.
9. Plaintiff is entitled to temporary total disability benefits totaling $6,395.97 for the time period from April 13, 2006 through August 23, 2006. N.C. Gen. Stat. § 97-29.
10. Plaintiff is entitled to temporary partial disability benefits totaling $198.16 for the time period from November 8, 2006 through November 22, 2006. N.C. Gen. Stat. § 97-30.
11. Plaintiff is entitled to temporary total disability benefits totaling $14,390.92 for the time period from November 23, 2006 through September 16, 2007. N.C. Gen. Stat. § 97-29. *Page 9 
12. Defendants have repeatedly failed to timely pay Plaintiff temporary partial and temporary total disability benefits in violation of N.C. Gen. Stat. § 97-18 for extended periods of time. Plaintiff is entitled to a late payment penalty under N.C. Gen. Stat. § 97-18(g) on all payments made by Defendants for temporary partial and temporary total disability benefits, as set forth in Findings of Fact Nos. 12 through 16.
13. Plaintiff is entitled to payment by Defendants for the attorney's fees associated with this appeal to the Full Commission pursuant to N.C. Gen Stat. § 97-88.
 ***********
Based on the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission makes the following award:
 ORDER
1. It is hereby ordered that Dr. Ralph Liebelt of Triangle Orthopaedic Associates in Durham, North Carolina is Plaintiff's authorized treating orthopedic surgeon. It is further ordered that Plaintiff's orthopedic care is transferred from Dr. Gordon C. Kammire to Dr. Ralph Liebelt effective January 14, 2009.
2. Defendants shall pay for all medical treatment provided by Dr. Liebelt retroactive to January 14, 2009, as well as all diagnostic studies ordered by Dr. Liebelt retroactive to January 14, 2009, including the recommended arthroscopic right shoulder surgery, all referrals made by Dr. Liebelt retroactive to January 14, 2009, including the referral to Dr. Wilson for a complex regional pain syndrome evaluation, and all future medical treatment, including a possible second right hip replacement surgery, until further order of the Industrial Commission.
3. Defendants shall pay for all future medical treatment and diagnostic studies recommended or ordered by Dr. Liebelt and all referrals made by Dr. Liebelt. *Page 10 
4. It is hereby ordered that Dr. Thomas Giduz of Psychiatric Associates of Chapel Hill is Plaintiff's authorized treating psychiatrist. Defendants shall pay for all medical treatment provided by Dr. Giduz retroactive to October 7, 2008, and all future medical treatment, including weekly psychiatric office visits, until further order of the Industrial Commission. Defendants shall pay for all future medical treatment and diagnostic studies recommended or ordered by Dr. Giduz and all referrals made by Dr. Giduz.
5. Defendants shall timely pay for the medical treatment ordered and provided by Drs. Liebelt and Giduz and honor all referrals made by Drs. Liebelt and Giduz. All referrals made by Drs. Liebelt and Giduz as to this compensable claim are considered authorized medical treatment pursuant to this Opinion and Award and pursuant to N.C. Gen. Stat. § 97-25.
6. All surveillance evidence that was made part of the record is stricken from the record, including but not limited to the surveillance reports located at pp. 1342-1367 of the Stipulated documents, as well as all surveillance notes generated in-house and contained in the Hartford claims log, and all surveillance videos.
7. Defendants shall pay to Plaintiff within 14 days from entry of this Order temporary partial disability benefits totaling $3,408.09 for the following pay periods: October 27, 2005 through November 9, 2005, December 22, 2005 through March 1, 2006, March 16, 2006 through April 12, 2006, and October 26, 2006 through November 8, 2006.
8. Defendants shall pay to Plaintiff within 14 days from entry of this Order temporary total disability benefits totaling $2,713.52 for the following pay periods: January 5, 2006 through October 26, 2005, November 10, 2005 through November 23, 2005, December 8, 2005 through December 21, 2005, and from March 2, 2006 through March 15, 2006. *Page 11 
9. Defendants shall pay to Plaintiff within 14 days from entry of this Order temporary total disability benefits totaling $6,395.97 for the time period from April 13, 2006 through August 23, 2006.
10. Defendants shall pay to Plaintiff within 14 days from entry of this Order temporary partial disability benefits totaling $198.16 for the time period from November 8, 2006 through November 22, 2006.
11. Defendants shall pay to Plaintiff within 14 days from entry of this Order temporary total disability benefits totaling $14,390.92 for the time period from November 23, 2006 through September 16, 2007.
12. Defendants shall pay to Plaintiff in addition to the above compensation a ten percent late payment penalty provided under N.C. Gen. Stat. § 97-18(g) on all payments made pursuant to paragraphs 7 through 11 of this Order within 14 days from entry of this Order.
13. Defendants shall file the I.C. Form 62s that were not timely filed and pay the requisite penalties for each form not filed within fourteen days from entry of this Order.
14. Defendants shall pay to Plaintiff's counsel attorney's fees in this case in the amount of 25% of the total past due compensation owed Plaintiff, not to be deducted from the sums due Plaintiff, within 14 days of this order.
15. Defendants shall pay to Plaintiff's counsel attorney's fees based upon the number of hours spent prosecuting this claim before the Full Commission. Plaintiff is hereby Ordered to submit to the Full Commission within ten days of receiving this Opinion and Award an affidavit of hours spent prosecuting this claim before the Full Commission. *Page 12 
16. Defendants shall pay Plaintiff for medical mileage incurred from October 7, 2008 through February 18, 2009 totaling $771.37 and incurred from March 18, 2009 through May 28, 2009 totaling $399.85 within 14 days from entry of this Order.
17. Defendants shall pay the costs due to the Industrial Commission.
This the 20th day of April 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1